IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL WAYNE MCINTYRE                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:16-CV-886-HTW-LRA

CALSONIC KANSEI NORTH AMERICA, INC.,
and NISSAN NORTH AMERICA, INC.                                      DEFENDANTS

## ORDER ON MOTIONS

Before this court are four motions. Three of the motions are filed by the Plaintiff, Michael McIntyre (hereafter "McIntyre") and one motion is filed by one of the Defendants, Nissan North America, Inc. (hereafter "Nissan").

The Plaintiff's motions are as follows: (1) McIntyre asks this court to consider additional case law that he contends is relevant to the instant case **[doc. no. 98]**; 2) McIntyre seeks permission from the court to file two additional affidavits in opposition to the motions for summary judgment filed by the Defendants **[doc. no. 101]**; and 3) McIntyre asks to amend the proposed pretrial order to embrace an additional issue that was not included in his Complaint, nor previously briefed, nor argued **[doc. no. 104]**. The Defendants, Calsonic Kansei North America, Inc., (hereafter "Calsonic") and Nissan oppose these motions.

Defendant Nissan has filed a Motion to Strike McIntyre's Motion for Leave to File Affidavits **[doc. no. 106]** which also serves as Nissan's Response in Opposition to that motion. Briefing is completed and the court is prepared to make its decision.

BACKGROUND

The factual and procedural background of this case is thoroughly presented in this court's forthcoming "Opinion and Order on Defendants' Summary Judgment Motion." Therefore, only an abbreviated version of the facts and procedural posture is here presented.

McIntyre filed his law suit in this court on November 14, 2016. This is a wrongful discharge action brought by McIntyre against his former employer, Calsonic Kansei North America, Inc. ("Calsonic") and against Nissan North America, Inc. ("Nissan"). Calsonic is a supplier for Nissan with a location on-site at Nissan's manufacturing plant in Canton, Mississippi. McIntyre says that he was discharged by Calsonic because he had a pistol in his locked car on the parking lot of the Nissan plant, the parking lot reserved for employees of Calsonic and other supplier companies. This discharge, he claims, was in violation of Mississippi public policy, and specifically, Miss. Code Ann. §45-9-55[1]. This code section makes it unlawful for an employer to create or enforce a policy that prohibits a person from transporting or storing a firearm in a locked vehicle on a company's parking lot. McIntyre contends he has suffered lost income, lost future income, mental anxiety and stress, because of his discharge. He

---

[1]Miss. Code Ann. S 45-9-55 states as follows:
**Employee parking lots; employer liability**
 (1) Except as otherwise provided in subsection (2) of this section, a public or private employer may not establish, maintain, or enforce any policy or rule that has the effect of prohibiting a person from transporting or storing a firearm in a locked vehicle in any parking lot, parking garage, or other designated parking area.
 (2) A private employer may prohibit an employee from transporting or storing a firearm in a vehicle in a parking lot, parking garage, or other parking area the employer provides for employees to which access is restricted or limited through the use of a gate, security station or other means of restricting or limiting general public access onto the property.
 (3) This section shall not apply to vehicles owned or leased by an employer and used by the employee in the course of his business...
 (4) This section does not authorize a person to transport or store a firearm on any premises where the possession of a firearm is prohibited by state or federal law.
 (5) A public or private employer shall not be liable in a civil action for damages resulting from or arising out of an occurrence involving the transportation, storage, possession or use of a firearm covered by this section.
Miss. Code Ann. § 45-9-55

seeks actual and punitive damages in an amount to be determined by a jury, attorney's fees, costs and expenses.

The Defendants, Calsonic and Nissan, contend that McIntyre was terminated for cumulative reasons that include reasons other than having the firearm in his car. These Defendants also assert that the employee parking lot at issue complies with the exception located in §45-9-55**(2)**, which, under certain parking lot security features, allows an employer to prohibit firearms on an employee parking lot.

In sum, say Defendants, Calsonic did not wrongfully discharge McIntyre.

## DISCUSSION

Federal subject matter jurisdiction in this matter is based on diversity of citizenship under Title 28 U.S.C. § 1332.[2]  In this diversity action, the substantive laws of the State of Mississippi apply. *See, e.g., Times-Picayune Pub. Corp. v. Zurich American Ins. Co.,* 421 F.3d 328, 334 (5th Cir. 2005) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Klaxon Co. v. Stentor Elec. Mfrg. Co* 313 U.S. 487, 496 (1941); See also *Boardman v. United Services Auto, Ass'n,* 470 So.2d 1024, 1032 (Miss. 1985); *Guaranty Nat. Ins. Co. v. Azcock Industries, Inc*., 211 F.3d 239, 243 (5th Cir. 2000).

---

[2] 28 U.S.C. § 1332 provides as follows:
**Diversity of citizenship; amount in controversy; costs**
(a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
(1)     citizens of different States;
(2)      citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; . . .

3

1. **Plaintiff's Motion for Leave to File Affidavits of Michael McIntyre and Jeff Stapelon [Doc. no. 101]**

This court first takes up the matter of the additional affidavits that Plaintiff McIntyre seeks to file for consideration by the court in ruling on the motions for summary judgment. [doc. no. 101]. In this motion, McIntyre moves this Court to grant McIntyre permission "to file the Affidavits of McIntyre and of Jeff Stapelon. . . to refute various incorrect factual statements that were made by defense counsel at the hearing held on June 5, 2018." *Plaintiff's Motion* [doc. no. 101].

According to McIntyre, Defendants offered allegedly incorrect factual statements during their arguments on the summary judgment motions. In his "affidavit," McIntyre testified on the timing operation of Gate 1; his experience at a different Nissan employee parking lot; his denial that he ever attended anger management classes, or that he ever had been counseled regarding his relationships with other employees. Stapelon's "affidavit" is not battle-tested by opposing counsel, thus we do not know whether the submission is authentic or produced under credible circumstances.

McIntyre had two opportunities to present his proof and opposing arguments regarding these issues: First, in his brief in opposition to Defendants' summary judgment motions; and Secondly, during oral arguments on the summary judgment motions. Both sides had ample opportunity during the hearing to refute the other's contentions. Plaintiff did not offer these affidavits at that time.

Plaintiff also has not provided this court with good cause nor established excusable neglect for his failure to present these affidavits at the appropriate time as required. Fed. R. Civ.

P. 6(b)[3] *See, e.g., Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 443-444 (5th Cir. 1990); *Farina v. Mission Investment Trust et al.,* 615 F.2d 1068, 1073 (5th Cir. 1980) (absent affirmative showing of excusable neglect, "a court does not abuse its discretion when it refuses to accept out-of-time affidavits"); See also, *Adams v. Travelers Indem. Co. of Connecticut*, 465 F. 3d 156, 161 n. 8 (outlining excusable neglect factors).

Submissions and arguments on this motion must come to a close at some point, and this court is persuaded that at this late stage of the litigation, that point has been reached. Leave is not granted to plaintiff to submit the additional affidavits of Michael McIntyre and Jeff Stapelon.

## 2. Nissan's Motion to Strike [Doc. no. 106]

Nissan has filed a motion [doc. no. 106] to strike Plaintiff's motion seeking leave to file additional affidavits [doc. no. 101]. This court having determined that Plaintiff's motion for leave to file the affidavits will not be granted, the motion to strike same [doc. no. 106] is denied as moot.

## 3. Plaintiff's Motion To Consider Additional Authority [Doc. no. 98]

This court next considers Plaintiff's motion [doc. no. 98] by which McIntyre brings to the attention of the court, and asks this court to consider, the recent Mississippi Supreme Court ruling in *Ward v. Colom,* 253 So.3d 265 (2018), interpreting Miss. Code Ann. § 45-9-101. *Ward* was decided two days after this court heard oral arguments on Defendants' motions for summary judgment on June 5, 2018. The Defendants oppose the motion and claim that the issue and

---

[3] Rule 6. COMPUTING AND EXTENDING TIME; TIME FOR MOTION PAPERS.
(b) Extending Time.
(1) In General. When an act may or must be done within a specified time, the court may, **for good cause**, extend the time:
    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
    (B) on motion made after the time has expired if the party failed to act because of **excusable neglect**.

ruling in *Ward* are irrelevant to the instant case. Additionally, say Calsonic and Nissan, the Plaintiff did not plead those matters.

This court takes note of the ruling in *Ward v. Colom* and considers it, only to the extent that it would consider any other case brought to the court's attention by the parties. This court, therefore, grants Plaintiff's motion only to the extent that this court agrees to look at and review that additional authority. That case was concerned with the rights of persons holding "enhanced carry" permits under Mississippi law and whether such persons could be prevented, by an order of the state Circuit Court, from carrying a firearm into a state court building. This court has thoroughly reviewed the ruling of the Mississippi Supreme Court in *Ward*. For reasons more thoroughly discussed later in this opinion, this court is persuaded that *Ward v. Colom* does not inform the issues *sub judice*.

### 4. Plaintiff's Motion to Amend Proposed Pretrial Order [Doc. no. 104]

Plaintiff has also filed a motion to amend the proposed pre-trial order "to list as the final contested issue of law the following: "Whether Plaintiff's discharge violated Mississippi public policy set forth in Miss. Code Ann. §45-9-101." *Plaintiff's Motion to Amend Pretrial Order* [doc. no. 104 p.1]. McIntyre asks to be relieved of the requirement to submit a Memorandum Brief in support of this motion.

The joint pretrial order was prepared based on the claims contained in Plaintiff's Complaint. That Complaint did not allege that Defendants had violated §45-9-101; nor did the Complaint make averments that could be construed as giving rise to a cause of action under §45-9-101. Summary judgment motions filed by both Nissan and Calsonic were fully briefed and

argued based on the contents of the Complaint. Nothing in the Complaint, the briefs or the arguments before this court implicated Miss. Code Ann. § 45-9-101.[4]

At the June 5th hearing, Plaintiff conceded and withdrew his claim against Nissan for intentional and/or malicious interference with his employment, leaving Plaintiff's claim of wrongful discharge as the only remaining claim, based on Miss. Code Ann. § 45-9-55. This claim is lodged against both Calsonic and Nissan.

Mississippi is an "at-will" employment state. An employer or employee may terminate an employment relationship whenever one chooses, unless the parties are bound by contract,

---

[4] Plaintiff contends that persons with an "enhanced carry" license are authorized to carry weapons in those places listed in §45-9-101 (13), that are prohibited to persons with the ordinary license or no license, based on the provisions of Miss. Code Ann. § 97-37-7 (2). The latter statute provides that under the "enhanced carry law" a person "shall also be authorized to carry weapons in courthouses except in courtrooms during a judicial proceeding, and any location listed in subsection (13) of Section 45-9-101, except any place of nuisance as defined in Section 95-3-1, any police, sheriff or highway patrol station or any detention facility, prison or jail." Miss. Code Ann. §97-37-7(2).

§45-9-101(13) states in its entirety:
> 13) No license issued pursuant to this section shall authorize any person to carry a stun gun, concealed pistol or revolver into any place of nuisance as defined in Section 95-3-1, Mississippi Code of 1972; any police, sheriff or highway patrol station; any detention facility, prison or jail; any courthouse; any courtroom, except that nothing in this section shall preclude a judge from carrying a concealed weapon or determining who will carry a concealed weapon in his courtroom; any polling place; any meeting place of the governing body of any governmental entity; any meeting of the Legislature or a committee thereof; any school, college or professional athletic event not related to firearms; any portion of an establishment, licensed to dispense alcoholic beverages for consumption on the premises, that is primarily devoted to dispensing alcoholic beverages; any portion of an establishment in which beer or light wine is consumed on the premises, that is primarily devoted to such purpose; any elementary or secondary school facility; any junior college, community college, college or university facility unless for the purpose of participating in any authorized firearms-related activity; inside the passenger terminal of any airport, except that no person shall be prohibited from carrying any legal firearm into the terminal if the firearm is encased for shipment, for purposes of checking such firearm as baggage to be lawfully transported on any aircraft; any church or other place of worship, except as provided in Section 45-9-171; or any place where the carrying of firearms is prohibited by federal law. In addition to the places enumerated in this subsection, the carrying of a stun gun, concealed pistol or revolver may be disallowed in any place in the discretion of the person or entity exercising control over the physical location of such place by the placing of a written notice clearly readable at a distance of not less than ten (10) feet that the "carrying of a pistol or revolver is prohibited." No license issued pursuant to this section shall authorize the participants in a parade or demonstration for which a permit is required to carry a stun gun, concealed pistol or revolver
> Miss. Code Ann. § 45-9-101 (13).

*Obene v. Jackson State Univ.*, 233 So. 3d 872, 875 (Miss. Ct. App. 2017), or unless there is some other legally impermissible reason, *McArn v. Allied Bruce-Terminix Co., Inc*., 626 So2d 603, 606 (Miss. 1993). Plaintiff does not dispute that he was an "at-will" employee. Mississippi's adherence to the employment-at-will doctrine usually precludes an at-will employee from suing for wrongful termination. Employees can be fired for any reason, or no reason at all, but cannot be terminated for a legally impermissible reason. *Obene v. Jackson State University,* 233 So.2d at 876 (quoting *Galle v. Isle of Capri Casinos Inc.*, 180 So. 3d 619, 622 (Miss. 2015). Until recently, *McArn, supra,* provided the only exceptions to the at-will doctrine under the laws of Mississippi. *McArn* held that an employee could not be terminated for refusing to commit an illegal act, or for reporting an illegal act committed by his or her employer. <u>Id.</u>, 626 So.2d 603, 606 (Miss. 1993). An employee so terminated has a cause of action against his employer for wrongful termination.

The Mississippi Supreme Court recently acknowledged, in *Swindol v. Aurora Flight Sciences Corp.,* that Miss Code Ann. § 45-9-55 creates another exception to the employment-at-will doctrine. *Id.,* 194 So.3d 847, 849 (Miss. 2016). The *Swindol* court said employees cannot be terminated for having a firearm in a locked vehicle on an employer's parking lot, according to §45-9-55, unless the employer's parking area falls under the exception specified in subsection 2 of that statute. *Swindol v. Aurora Flight Sciences Corp.,* 194 So.3d 847, 849 (Miss. 2016).

Unlike § 45-9-55, Miss. Code Ann. §45-9-101 does not, on its face, create a claim for wrongful discharge and Mississippi jurisprudence has not so provided. *Ward v. Colom*, urged upon this court by McIntyre, was concerned with a court's ability to deny persons with "enhanced carry" permits the right to bring firearms in and around state court buildings. The Mississippi Supreme Court said that the state courts could not enact such a prohibition, at least

not in the manner enacted by the Chancery Court of Lowndes County. Such restrictions are the sole province of the legislature.

The *Ward* case does not deal with the employment relationship and it does not create or acknowledge another exception to the employment-at-will doctrine. *Ward* simply reiterates that the "enhanced carry" laws, as written, should be enforced, even in our state's court buildings. Therefore, the principles it enunciates are not embraced by McIntyre's Complaint *sub judice*. This instant litigation is in its very last stages. To allow an amendment of the pleadings at this point would cause significant delay and expense to the parties. Defendants claim that they would be prejudiced by allowing Plaintiff to amend the pretrial order at this time and this court agrees. Additional discovery would be required, new motions would be filed, additional briefing would be required and the trial would be significantly delayed. This court is not persuaded to allow the amendment.

The new "contested issue of law" Plaintiff seeks to bring into this case and to include in the pretrial order is not relevant and comes too late. *See, e.g., De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) ("district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment"); *Cutrera v. Board of Sup'rs of La. State Univ.,* 429 F.3d 108, 113 (5th Cir. 2005) ("a claim raised only in response to a motion for summary judgment is not properly before the court").

Plaintiff cites *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014) and *Johnson v. Honda*, No. 3:15-cv-223-DPJ-FKB, 2015 WL 5794449 (S.D. Miss. Oct. 1, 2015) for the proposition that a complaint need not cite a specific statutory provision or articulate a perfect statement of the legal theory supporting the claim asserted. Nothing in those cases, however, excuses Plaintiff

from the fundamental obligation to give "fair notice of what [his] claim is *and the grounds upon which it rests*" by pleading a sufficient factual predicate to state a plausible claim for whatever purported liability he claims the defendants should have in this case. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (emphasis added).

CONCLUSION

For all the reasons herein stated, Plaintiff's motion asking this court to consider additional authority **[doc. no. 98]** is **granted;** Plaintiff's Motion for Leave to File Additional Affidavits **[doc. no. 101]** is **denied;** Plaintiff's Motion for Leave to Amend Pretrial Order **[doc. no. 104]** is **denied;** and Nissan's Motion to Strike Plaintiff's Motion for Leave to File Additional Affidavits **[doc. no. 106]** is **denied as moot.**

SO ORDERED AND ADJUDGED, this the 1st day of March, 2019.

                                                   s/ HENRY T. WINGATE
                                            UNITED STATES DISTRICT JUDGE