IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL WAYNE MCINTYRE                                                    PLAINTIFF

V.                                             CIVIL ACTION NO. 3:16-CV-886-HTW-LRA

CALSONIC KANSEI NORTH AMERICA, INC.,
and NISSAN NORTH AMERICA, INC.                                          DEFENDANTS

## ORDER ON MOTIONS

Before this court are three motions filed by the Defendant Nissan North America, Inc., (hereafter "Nissan"). The first, **[doc. no. 84],** objects to and seeks to have stricken portions of the deposition testimony of Terrin Courtney from the summary judgment record. The second motion, **[doc. no. 90],** is a motion in limine, seeking to have excluded evidence and argument "erroneously" suggesting a parent-subsidiary relationship between the Defendants Nissan and Calsonic Kansei North America, Inc., (hereafter "Calsonic"). The final motion under consideration here **[doc. no. 91]** is a second motion in limine to exclude specific statements and testimony of Terrin Courtney and related argument.

A full elucidation of the factual and procedural background of this case is not necessary to the disposition of these three motions. Such an account, however, is thoroughly presented in this court's forthcoming "Opinion and Order on Defendants' Summary Judgment Motion" and, thus, will not be repeated here.

This is a wrongful discharge action brought by Michael Wayne McIntyre ( hereafter "McIntyre") against his former employer, Calsonic, and Nissan. Calsonic is a supplier for Nissan with a location on-site at Nissan's manufacturing plant in Canton, Mississippi. McIntyre

initially accused Nissan also of interfering with his employment relationship with Calsonic. Plaintiff subsequently dismissed that claim, however.

McIntyre alleged in his lawsuit that Calsonic is a subsidiary of Nissan, a relationship which, if proven, would render Nissan also liable for Plaintiff's wrongful discharge, according to McIntyre. The statements and arguments that Nissan seeks to exclude by these motions are statements that Plaintiff says establish the existence of a parent-subsidiary relationship between Nissan and Calsonic, or show that Nissan exercised control over, or interference with Calsonic's relationships with its employees, including McIntyre.

DISCUSSION

In this diversity action, the substantive laws of the State of Mississippi apply. *See, e.g., Times-Picayune Pub. Corp. v. Zurich American Ins. Co.,* 421 F.3d 328, 334 (5th Cir. 2005) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)); *Klaxon Co. v. Stentor Elec. Mfrg. Co* 313 U.S. 487, 496 (1941); See also *Boardman v. United Services Auto, Ass'n,* 470 So.2d 1024, 1032 (Miss. 1985); *Guaranty Nat. Ins. Co. v. Azcock Industries, Inc.*, 211 F.3d 239, 243 (5th Cir. 2000).

**Nissan's Motion to Strike portions of Terrin Courtney's deposition testimony from the Summary Judgment Record**

Nissan argues that certain portions of the deposition testimony of Terrin Courtney (hereafter "Courtney") should not be considered relative to the summary judgment motions. Courtney is the Human Resources Senior Manager for Calsonic.

Nissan objects to two statements made by Courtney. The first is Courtney's statement that "Nissan was our parent company" *Courtney Deposition* at 13:18 [doc. no. 70-5]. Courtney later explains the basis for her statement. She says "[t]hey had ownership of us at that time, a majority ownership." *Courtney Deposition* at 14:2-4 [doc. no.70-5]. Nissan says Courtney has

not been shown to be qualified to address the corporate relationship between Calsonic and Nissan, because she has not been shown to have any personal knowledge of Calsonic's or Nissan's corporate structure. Says Nissan, it is not competent summary judgment proof under Fed. R. Evid. 602.

Rule 602 proclaims: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony…" [1] Courtney's testimony provided support for her statement. Her testimony was that she has been with Calsonic for nine years, that at the time of McIntyre's termination she was Human Resources Senior Manager with responsibility over multiple facilities and reported directly to a vice president of the company. *Courtney Deposition* at pp. 6-8 [doc. no.70-5]. Courtney was a member of senior management, and had worked at several of Calsonic's facilities around the country. There is no reason to believe she was not familiar with the corporate structure. Nissan has not shown that she did not have this knowledge. The court is not willing to strike this statement for purposes of the summary judgment motion.

The second statement objected to by Nissan is Courtney's statement that "Nissan wasn't going to let him [McIntyre] back in the building whether or not, you know, we wanted him to." *Courtney Deposition* at 10:11-13 [doc. no. 70-5]. Nissan contends this constitutes irrelevant conjecture. Courtney was a member of senior management, having authority to terminate, with human resource responsibility for multiple facilities.

---

[1] Rule 602 of the Mississippi Rules of Evidence is worded identically to Rule 602 of the Federal Rules of Evidence. It, too, provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony This rule does not apply to a witness's testimony under Rule 703." Miss. R. of Evidence 602.

Courtney testified that she was the final decision-maker regarding McIntyre's termination. She further testified that she did not even need Calsonic's vice president to sign off on her termination decisions, including McIntyre's firing. *Courtney Deposition* at pp. 22-23 [doc. no.70-5]. Additionally, she stated, over objection, that the source of the information was an email from Human Resource Manager, Kim Draga, to her. [doc. no. 70-16]. In this wrongful termination case, this court is entitled to review all of the steps and reasoning that went into the termination decision. This court, accordingly, denies the motion to strike for purposes of the summary judgment motion.

### Defendant Nissan's First Motion in Limine

Defendant Nissan has filed a Motion in Limine to exclude at trial the deposition testimony of Terrin Courtney related to the corporate relationship between Nissan and Calsonic. A motion in limine "should be granted only when the trial court finds two factors are present: "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." *Tatum v. Barrentine*, 797 So. 2d 223, 228 (Miss. 2001). At this stage, the court is of the opinion that the statements by Terrin Courtney would likely be admissible at trial; however, one of the reasons for deferring evidentiary rulings until trial is "so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07–572, 2010 WL 5174440 at *1 (W.D. La. Dec. 15, 2010) (collecting authorities). Exclusion of evidence should be used sparingly. *Caparotta v. Entergy Corp.,* 168 F.3d 754, 758 (5th Cir. 1999). For these reasons and the same reasons this court declines to strike Courtney's testimony for purposes of the summary judgment motion, this court also declines at this time, to grant the motion in limine to exclude

these statements, should a trial take place. Whether a trial will take place, that is, whether McIntyre's lawsuit will survive Defendants' Motions for Summary Judgment will be announced shortly, when this court publishes its order resolving Defendants' Motions for Summary Judgment.

**Defendant Nissan's Second Motion in Limine**

Nissan filed a second motion in limine to exclude specific statements and testimony of Terrin Courtney and related argument. For the same reasons that this court declines to strike Courtney's testimony in this regard for purposes of the summary judgment motion and the first motion in limine, this court also declines to grant this second motion in limine to exclude these statements and related argument, should a trial take place. Whether a trial will take place, that is, whether McIntyre's lawsuit will survive Defendants' Motions for Summary Judgment will be announced shortly, when this court publishes its order resolving Defendants' Motions for Summary Judgment.

CONCLUSION

For all the reasons herein stated, Nissan's Motion objecting to portions of deposition testimony of Terrin Courtney and seeking an order striking same **[doc. no. 84]** is **denied**; the first motion in limine, **[doc. no. 90],** is **denied**; and the second motion in limine, **[doc. no. 91]** is similarly **denied**.

SO ORDERED AND ADJUDGED, this the 6th day of March, 2019.

                                            s/ HENRY T. WINGATE
                                            UNITED STATES DISTRICT JUDGE